UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TSEGAHUN BORU,                                          Civil No. 08-4849 (JNE/FLN)

           Plaintiff,

    v.                                                       **REPORT AND**
                                                          **RECOMMENDATION**
STATE OF MINNESOTA, and
HENNEPIN COUNTY,

           Defendants.

---

       This matter is before the undersigned United States Magistrate Judge on Plaintiff's

pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he

is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).

The case has been referred to this Court for report and recommendation under 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that

Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## I.  BACKGROUND

       Plaintiff alleges that he was involved in a traffic accident on January 9, 2008.  A

police officer who investigated the accident allegedly put handcuffs on Plaintiff and took him

to jail.  Plaintiff further alleges that he was required to "blow an instrument," presumably to

determine whether he was under the influence of alcohol or a controlled substance.  It

appears that Plaintiff must have been subsequently charged and convicted for some type

of criminal offense, because he alleges that he was sentenced to fifteen days in jail.  He

apparently lost his driver's license, and had to pay a fine, as well.     Plaintiff now claims that

his apprehension and subsequent conviction violated his "human right," and that he was

"sentenced illegally."  He also claims that his "driving privilege" was wrongly revoked, and

that he wrongly lost some money, (presumably meaning that he was wrongly fined).  He

is seeking a judgment that will award him "true justice."

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff

has filed a complaint that fails to state a cause of action on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per

curiam).

In this case, Plaintiff has failed to state a cause of action, because his claims are

barred by the principles discussed in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the

Supreme Court re-affirmed the longstanding rule that prohibits a person from challenging

a state criminal conviction in a federal civil rights action.  According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid..., [a civil rights] plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus.... [T]he district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a civil rights

action that would effectively "call into question the lawfulness of [his] conviction or

confinement."  Heck, 512 U.S. at 483.  See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th

Cir. 1996) ("Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

Here, a judgment in Plaintiff's favor would, in the words of Heck, "necessarily imply the invalidity of his conviction." Plaintiff claims that he was wrongly apprehended, convicted and sentenced, and he obviously is seeking a judgment that would set aside his conviction and sentence. Moreover, even if Plaintiff were seeking only damages, (rather than an outright reversal of his conviction and sentence), a judgment in his favor in this action certainly would imply that his state criminal conviction was invalid.

According to Heck, the present action is premature. Plaintiff cannot maintain a civil action seeking damages, (or any other civil remedy), for the alleged deprivation of his rights during his state criminal case, without first securing a court order specifically invalidating his conviction in that case. In other words, he must successfully challenge the conviction itself, in a legally appropriate forum and manner, before he can seek a civil judgment based on the allegedly unconstitutional actions underlying his conviction. Because Plaintiff has not yet done that, his complaint fails to state a cause of action on which relief can be granted.[1]

The Court further notes that Plaintiff has failed to plead an actionable claim against Defendant Hennepin County, because he has not described any acts or omissions by the County itself, which could support any actionable claim for relief. Plaintiff apparently

---

[1] Plaintiff's current complaint cannot be construed to be a habeas corpus petition, and entertained as such, because he has not shown (a) that he is currently in custody, and (b) that he has exhausted all available state court remedies, (which he must do before seeking federal habeas corpus relief). See 28 U.S.C. § 2254(a) and (b).

believes that Hennepin County should be held vicariously liable for certain allegedly unconstitutional acts of its employees.  However, the County cannot be sued based on solely on allegations that its employees violated Plaintiff's rights, because the doctrine of respondeat superior does not apply to civil rights actions.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Finally, the Court notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment, which generally precludes states from being sued in federal court.  See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam).

For all of the reasons discussed above, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted.  The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).  Based on the Court's determination that Plaintiff has failed to plead an actionable claim, it will also be recommended that his pending IFP application, (Docket No. 2), be summarily denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 26, 2008                          s/ Franklin L. Noel
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by

filing with the Clerk of Court and serving on all parties, on or before **September 15, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.